# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00876-COA

IN RE: ESTATE OF RANDI ALLISON FULLER,
DECEASED, A MINOR: JOE FULLER                                    APPELLANT

v.

DOROTHY B. KELLY                                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/2015 |
| TRIAL JUDGE: | HON. JOHNNY LEE WILLIAMS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ALEXANDER IGNATIEV |
| ATTORNEYS FOR APPELLEE: | CHRISTINA HOPSON HOLCOMB |
| | JOSEPH H. MONTGOMERY |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| TRIAL COURT DISPOSITION: | RATIFIED ACCOUNTING, DECLARED ESTATE INSOLVENT, AND CLOSED ESTATE |
| DISPOSITION: | AFFIRMED - 11/15/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., JAMES AND WILSON, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     Joe Fuller appeals the judgment of the Chancery Court of Lamar County, Mississippi,

ratifying an accounting of the Mary B. Roper Educational Trust No. One (the "Trust").

Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Randi Fuller, a beneficiary of the Trust, passed away on September 2, 2008, at the age

of seventeen.  According to her death certificate, Randi passed away from "[c]omplications

due to Cystic Fibrosis."  Randi was survived by her natural parents, Joe Fuller and Mary

Rachel Kelly (previously known as Mary Rachel Fuller). Dorothy Kelly, Randi's maternal grandmother, was the trustee of the Trust.

¶3.    The Trust was funded to encourage the beneficiaries to obtain higher education. The Trust established a separate sub-trust for each beneficiary. In an emergency situation, the Trust empowered Dorothy, in her sole discretion, to use Trust funds "on a temporary basis" to "meet[] maintenance, support, health and general welfare needs of the beneficiaries." Further, the Trust granted Dorothy authority to "distribute income and principal . . . for any purpose promoting the welfare, happiness, and convenience of the [minor] beneficiaries." Per the terms of the Trust, Dorothy would not "be required to account to any court." Also, if a beneficiary were to die before reaching the age of majority, the beneficiary's sub-trust would be paid to the minor's estate.

¶4.    On February 12, 2012, Joe filed a petition to appoint himself as administrator of Randi's estate. Before the chancery court addressed this petition, Joe petitioned the chancery court to appoint Troy A. McFarland as the administrator of Randi's estate. The chancery court appointed McFarland on May 2, 2012.

¶5.    On May 16, 2012, McFarland filed a motion for assets. Noting the language of the Trust that required a minor beneficiary's sub-trust to be paid to the estate of the donee, McFarland requested the court to have Dorothy pay Randi's estate the proceeds from the Trust.

¶6.    Dorothy answered the motion, noting that her health issues and disability made her unable to assist her counsel in the matter. Through her counsel, Dorothy cited separate

2

litigation filed by Joe on March 8, 2010, in the Chancery Court of Forrest County that factually mirrored the current action.[1] Also, Dorothy argued that the Trust was private and, by its terms, not required to account to any court.

¶7. At the hearing on the motion for assets, the parties conferred with the chancellor and entered an agreed order. The agreed order provided that "Dorothy B. Kelly shall identify and file a listing of the expenditures made from the trust involving Randi Allison Fuller for the year 2008."

¶8. Dorothy provided the listing of expenditures from the Trust on December 5, 2012. McFarland filed a motion for a supplemental accounting on October 30, 2013. Dorothy's answer to this motion was nearly identical to her answer to the motion for assets.

¶9. On May 1, 2015, the chancery court entered an order (1) ratifying Dorothy's accounting, (2) declaring the estate insolvent, and (3) closing the estate. The chancery court's order recognized that "the documents produced . . . by Dorothy B. Kelly are an adequate and sufficient accounting, and the Court[,] therefore, ratifies, affirms and approves said accounting."

¶10. Joe raises a number of issues on appeal, but all of the issues are predicated on the chancellor's ratification of the accounting. Our disposition of this issue addresses all of Joe's claims.

## STANDARD OF REVIEW

¶11. This Court employs a limited standard of review to appeals from chancery court. *In*

---

[1] This litigation does not deprive this Court of subject-matter jurisdiction, as it was dismissed on March 7, 2013, by the Chancery Court of Forrest County.

*re Estate of Carter*, 912 So. 2d 138, 143 (¶18) (Miss. 2005). We will affirm a chancellor's finding of facts unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied the wrong legal standard. *Id*.

**DISCUSSION**

¶12. The chancellor did not abuse his discretion in ratifying Dorothy's accounting. Mississippi Code Annotated section 91-7-103 (Rev. 2013) provides that parties to a motion for assets

> *may be compelled* by attachment for contempt to discover under oath by answer filed or testimony given, either or both at such time and place as the court or chancellor may direct, all the facts known to them concerning the assets of the estate and of all adverse claims thereto, if any.

(Emphasis added). Joe argues that this statute requires all accountings to be under oath, and Dorothy responds by saying that the permissive "may" allows the court to determine whether or not an accounting is made under oath. We disagree with both interpretations of the statute.

¶13. Here, Dorothy was not compelled to make an accounting. She submitted to the accounting on her own accord. The terms of the Trust clearly provide that the Trust was private and would not "be required to account to any court." This provision is enforceable under Mississippi law. Miss. Code Ann. § 91-8-105(a) (Supp. 2016).

¶14. Section 91-8-105(a) provides that a trust "may expand, restrict, eliminate, or otherwise vary the duties and powers of a trustee, any such other fiduciary, relations among any of them, and the rights and interests of a beneficiary." In light of this statute, Dorothy did not have to agree to the accounting, and the court could not compel it unless there was some evidence of mismanagement or fraud. *In re Estate of Baumgardner*, 82 So. 3d 592, 605

4

(¶46) (Miss. 2012) (finding, in a trust governed by a will, that "evidence of mismanagement or fraud in the record could warrant an accounting even in the presence of an explicit waiver"). Neither McFarland's motion for assets nor his motion for a supplemental accounting alleged fraud or mismanagement by Dorothy. Because she was not compelled to account to the court, it did not matter that Dorothy's accounting was not under oath.

¶15. Despite her right to refuse an accounting, Dorothy agreed to provide the court with "a listing of the expenditures made from the trust involving Randi Allison Fuller for the year 2008."[2] Dorothy did provide the accounting to the court. Her forty-three-page accounting included numerous receipts, billing statements, and checks. The accounting actually exceeds the scope of the agreed order by providing some record of the Trust's expenses for 2006 and 2007, not just 2008. The accounting details the expenses that the Trust incurred caring for Randi in the last year of her life. There were records of funeral expenses, doctor visits, and various purchases made for Randi. All of the purchases appear to be within the terms of the Trust, especially considering the secondary purposes of the Trust. While the accounting is not as thorough as it could be, it is sufficient to show that the chancellor did not abuse his discretion in ratifying it. Therefore, we affirm the chancellor's judgment.

¶16. **THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.**

---

[2] We find that Joe did not preserve the issue of Dorothy's competence for appeal by making an objection in the record. *See Hyundai Motor Am. v. Applewhite*, 53 So. 3d 749, 755 (¶17) (Miss. 2011).